**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JANETTE SANCHEZ,

        Plaintiff,

v.                                                        CV No. 15-765 MV/CG

ANDREW SAUL, Commissioner of the
Social Security Administration,

        Defendant.

## ORDER GRANTING APPLICATION FOR ATTORNEY FEES

**THIS MATTER** is before the Court on Plaintiff's *Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(B) and Supporting Memorandum* (the "Motion"), (Doc. 36), filed July 22, 2019, and *Defendant's Response to Motion for Attorney Fees Under 42 U.S.C. § 406(B)* (the "Response"), (Doc. 37), filed July 24, 2019. Plaintiff's attorney, Michael D. Armstrong ("Plaintiff's Counsel"), moves the Court for an order authorizing attorney fees in the amount of $5,882.50 for legal services rendered before this Court. (Doc. 36 at 1). Defendant states he has no objection to Plaintiff's Motion. (Doc. 37 at 2). Having reviewed the parties' filings, the relevant law, and otherwise being fully advised in the premises, the Court finds that Plaintiff's Motion is well-taken and that it shall be **GRANTED**.

### I.     Procedural Background

Plaintiff instituted an action in this Court on August 28, 2015, seeking judicial review of Defendant's denial of her applications for disability insurance benefits and supplemental security income. (Doc. 1). On November 14, 2016, this Court granted Plaintiff's request for relief, and remanded the case to the Commissioner for further

proceedings. (Docs. 32, 33). Plaintiff subsequently was awarded attorney fees in the amount of $4,080.80 pursuant to the Equal Access to Justice Act ("EAJA"). (Doc. 35).

Upon remand, Defendant determined Plaintiff to be disabled, entered a fully favorable decision, and awarded Plaintiff past-due benefits in the amount of $63,530.00. (Doc. 36-1, Exhibit B). Defendant advised Plaintiff on July 14, 2019, that $15,822.50 was being withheld from Plaintiff's total benefit amount pending an award of attorney fees pursuant to 42 U.S.C. § 406(B). *Id.* at 17. Defendant stated that it withholds 25 percent of past due benefits for a potential award of attorney fees pursuant to 42 U.S.C. § 406(b), which in this case totals $15,822.50. *Id.* Plaintiff's Counsel states he has already been awarded a fee of $10,000 for work performed before the Social Security Administration, and he asks the Court to authorize payment of $5,882.50 as attorney fees for legal services provided in this Court. (Doc. 36 at 5).[1] Plaintiff's Counsel also asserts that contemporaneously with the release of those funds, Plaintiff will be refunded the EAJA fees previously awarded by this Court in the amount of $4,080.80, or, if applicable, such portion of the EAJA fee not subject to offset under the Treasury Offset Program, 31 U.S.C. § 3716(c)(3)(B). *Id.* at 2.

**II.     Analysis**

When a court renders a judgment favorable to a Social Security claimant who was represented before the court by an attorney, the court may allow "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). Unlike EAJA fees, which are

---

[1] Plaintiff entered into a contingency fee arrangement with Mr. Armstrong wherein she agreed that Mr. Armstrong would receive a fee not to exceed 25 percent of any past due benefits received from the agency in the event of a favorable agency decision. (Doc. 36-1, Ex. D).

2

paid in addition to past-due benefits, § 406(b) fees are paid out of the past-due benefits. *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933–34 (10th Cir. 2008). If fees are awarded under both the EAJA and § 406(b), the attorney must refund the lesser award to the claimant. *Id.* at 934. The court may award fees under § 406(b) when "the court remands a . . . case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw v. Barnhart,* 450 F.3d 493, 495–96 (10th Cir. 2006).

Although § 406(b) does not prohibit contingency fee agreements, it renders them unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. *Gisbrecht*, 535 U.S. at 807. Section 406(b) also requires the court to act as "an independent check" to ensure that fees are reasonable even if they are less than 25 percent of past-due benefits, because there is no presumption that 25 percent is reasonable. *Id.* at 807, n.17. Counsel has the burden of demonstrating the reasonableness of the fees. *Id.* at 807.

The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Id.* at 808. Factors relevant to the reasonableness of the fee request include: (i) whether the attorney's representation was substandard; (ii) whether the attorney was responsible for any delay in the resolution of the case; and (iii) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *Id.* A court may require the claimant's attorney to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing rate for non-contingency fees cases. *Id.* The statute does not specify a deadline for requesting fees. *See* 42 U.S.C. § 406(b).

The Tenth Circuit, however, has held that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw,* 450 F.3d at 505.

In this case, the Court finds that Plaintiff's Counsel's representation of Plaintiff was more than adequate. Counsel obtained a fully favorable decision for Plaintiff, and did not delay the proceedings before this Court in any way. The instant motion was filed within one month of Plaintiff receiving notice that she was entitled to past-due benefits, which the Court finds to be reasonable. (Doc. 36-1, Ex. B). In addition, the requested fee for services performed in connection with this case is within the 25-percent cap imposed by § 406(b).

Moreover, the requested fee is not disproportionately large in comparison to the amount of time spent on the case, given Plaintiff's Counsel's experience working on Social Security cases. (Doc. 36-1, Ex. E). Plaintiff's Counsel documented 27.2 total attorney hours in representing Plaintiff before this Court. *Id.* Awarding counsel the requested $5,882.50 would result in an hourly fee of $216.00 for attorney work performed before this Court. Considering Plaintiff's Counsel's experience and reputation in Social Security representation, and the fact that this fee award is within the range of other fee awards authorized in this District under § 406(b), the Court finds that the fee requested is reasonable. *See, e.g.*, *Salazar v. Berryhill*, Civ. 14-283 KRS (Doc. 30) (awarding $19,442.25 for 27.42 hours, or $709.05 per hour); *Bigsby v. Colvin*, Civ. 12-1207 CG (Doc. 31) (awarding $21,839.00 for 37.33 hours, or $585.03 per hour); *Gallegos v. Colvin*, Civ. 12-321 SMV (Doc. 32) (awarding $10,000.00 for 16.2 hours, or $617.28 per hour); *Montes v. Barnhart*, Civ. 01-578 BB/KBM (Docs. 19, 22) (awarding $10,000 for 14.25 hours, or $701.75 per hour). In addition, the Court notes that

4

Defendant does not oppose this Motion, and it is the duty of the Court to determine whether the fees are reasonable.

### III.  Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(B) and Supporting Memorandum*, (Doc. 36), be **GRANTED**. Plaintiff's Counsel is awarded $5,882.50 for legal services rendered before this Court.

**IT IS FURTHER ORDERED** that Plaintiff's Counsel shall refund to Plaintiff $4,080.80, which is the amount awarded under EAJA.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE